Jose Carlos Guzman Bernal
P.O. Box 5346
El Paso, Texas 79956



FILED
CLERK, U.S. DISTRICT COURT
APR 2 3 2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

fee Paid          Related DDJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CENTRAL CALIFORNIA

**JOSE GUZMAN BERNAL,**
    Petitioner,

v.                                   Civil No. 2:25-CV-03666-DSF-AGR

**PAM BONDI, United States Attorney General,**
**U.S. DEPARTMENT OF JUSTICE,**
**UNITED STATES OF AMERICA,**
    Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## EMERGENCY PETITION CHALLENGING UNLAWFUL CLASSIFICATION AS A FUGITIVE AND VIOLATION OF DUE PROCESS DURING EXTRADITION FROM MEXICO

### I. INTRODUCTION

NOW COMES Petitioner, Jose Guzman Bernal, a Mexican national currently detained in Mexico at the Reclusorio Preventivo Varonil Oriente under an Interpol Red Notice issued solely by the United States pursuant to a criminal indictment in the District of Alaska (Case No. 3:14-cr-00093-SLG-DMS) (See Exhibit A). Mr. Guzman respectfully petitions this Court for relief under 28 U.S.C. § 2241 to challenge the legality of his classification as a fugitive, the denial of his right to challenge extradition while abroad, and the government's infringement upon his constitutional rights through improper application of the fugitive disentitlement doctrine.

### II. JURISDICTION AND VENUE

Jurisdiction is proper under **28 U.S.C. § 2241**, which authorizes federal courts to grant habeas relief to persons "in custody" under or by color of the authority of the United States. Mr.

1 | Page

Guzman is in foreign custody at the request of the U.S. government and is subject to ongoing criminal proceedings initiated in this judicial district.

Venue is appropriate in this district pursuant to **28 U.S.C. § 2241(d)**, as the underlying indictment originated in the Alaska Division, and the U.S. Attorney for this district initiated and supports the extradition proceedings.

### III. STATEMENT OF CUSTODY

Petitioner is currently detained in Mexico pursuant to a Red Notice initiated by the U.S. government and is awaiting extradition on U.S. charges of conspiracy to distribute controlled substances under **21 U.S.C. §§ 846 and 841(a)(1)**. His detention is solely based on U.S. charges, and he has not been convicted or sentenced in Mexico or any other jurisdiction.

### IV. GROUNDS FOR RELIEF

**Ground One: Unlawful Classification as Fugitive While in Foreign Custody**

Petitioner's designation as a fugitive is legally and factually erroneous. He was arrested in February 2023 and remains in custody under the authority of the United States. Courts have held that custody under U.S. charges, even while abroad, negates fugitive status. See:

- *United States v. Ghailani*, 733 F.3d 29 (2d Cir. 2013)
- *United States v. Thomas*, 21 F.4th 691 (9th Cir. 2022)

This misclassification obstructs Petitioner's access to legal remedies and challenges his right to contest extradition under both domestic law and international treaty obligations.

**Ground Two: Violation of Constitutional Due Process and Access to Courts**

Petitioner's constitutional rights under the **Fifth and Fourteenth Amendments** are violated by the refusal of U.S. authorities and the District Court to allow him to challenge his indictment and extradition prior to physical removal. The **fugitive disentitlement doctrine**, as applied here, improperly denies him the right to access U.S. courts. See:

- *Farrakhan v. United States*, 987 F.3d 989 (9th Cir. 2021)
- *Jiang v. Sessions*, 728 F. App'x 106 (2d Cir. 2018)

**Ground Three: Violation of U.S.–Mexico Extradition Treaty**

Petitioner challenges the extradition process under the **1978 Extradition Treaty between the United States and Mexico**, arguing:

1. The charges under 21 U.S.C. § 846 do not sufficiently align with the Mexican crime of *Asociación Delictuosa*.

2. The potential for a mandatory **life sentence** violates Mexican constitutional law (Art. 22) and human rights treaties, which prohibit "penas inusitadas" and mandate proportional sentencing.

3. Extradition without the ability to challenge probable cause or due process concerns in Mexico violates international law. See:

- *Santos v. Thomas*, 830 F.3d 987 (9th Cir. 2016)
- *In re Extradition of Howard*, 996 F.2d 1320 (1st Cir. 1993)

## V. RELIEF REQUESTED

Petitioner respectfully requests that this Honorable Court:

1. **Issue a writ of habeas corpus** finding that Petitioner is in constructive custody under U.S. law and entitled to challenge his indictment and extradition.

2. **Declare** that the classification of Petitioner as a "fugitive" is improper under the Constitution and case law.

3. **Enjoin** the Department of Justice from proceeding with the extradition until Petitioner has been afforded an opportunity to challenge the indictment and the legal basis for extradition under applicable treaties.

4. **Order** the U.S. government to withdraw its Red Notice or modify it to reflect that Petitioner is no longer a fugitive.

5. **Grant any further relief** the Court deems just and proper in the interest of equity and justice.

**Respectfully submitted,**

Date: 4/15/2025

*Jose Carlos Guzman Bernal*

**Jose Carlos Guzman Bernal**
P.O. Box 5346
El Paso, Texas 79956

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I served a true and correct copy of the above Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on the following by First-Class U.S. Mail:

1. **United States Attorney's Office**
   District of Alaska
   222 West 7th Avenue, Room 253
   Anchorage, AK 99513

2. **U.S. Department of Justice**
   950 Pennsylvania Avenue NW
   Washington, D.C. 20530

Jose Carlos Guzman Bernal

*Jose Carlos Guzman Bernal*

# EXHIBIT A.



19724

*Embassy of the United States of America*

Number 22-3398               Mexico City, September 23, 2022.

Excellency:

Pursuant to the Extradition Treaty between the United States of America and the United Mexican States of May 4, 1978, I have the honor to formally request the extradition to the United States of Jose Carlos GUZMAN-BERNAL, alias Jose Guzman-Bernal, alias Carlos.

GUZMAN-BERNAL is wanted in the United States for a drug trafficking conspiracy offense. He is the subject of an Indictment in Case Number 3:14-cr-00093-SLG-DMS, returned by a federal grand jury sitting in the District of Alaska, on October 21, 2014, and filed on October 22, 2014, charging him with conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine; and 50 grams or more of actual methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

His Excellency
   Marcelo Luis Ebrard Casaubon,
     Secretary of Foreign Relations,
      Mexico City, Mexico.

SBU -PRIVACY OR PII

Cocaine is a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 812. Methamphetamine is a Schedule II controlled substance pursuant to Title 21, Code of Federal Regulations, Section 1308.12(d).

Based on the charge in the Indictment, on October 22, 2014, the United States District Court for the District of Alaska issued a warrant for the arrest of GUZMAN-BERNAL. This arrest warrant remains valid and executable to apprehend GUZMAN-BERNAL to stand trial for the charge contained in the Indictment.

The facts that establish probable cause to believe that GUZMAN-BERNAL is responsible for the crime with which he is charged are set forth in the documents submitted in support of this extradition request.

Please note that the original lab certification for Attachment D-7, the "Laboratory Analysis Report of Methamphetamine Seized on October 30, 2014," is unavailable. The original lab certification was lost. However, a copy of that original lab certification exists and has been provided in Attachment D-7.

A witness has identified the photograph attached to this extradition request as depicting GUZMAN-BERNAL, the individual involved in the criminal activity described above.

Please note that the last sentence of paragraph 2 of the witness' declaration was stricken. This sentence was stricken because the witness has since been sentenced to a term of imprisonment.

SBU -PRIVACY OR PII

In addition, please note the exhibit list in the extradition package contains a typographical error when mentioning Exhibit A consists of a certified copy of the Superseding Indictment. Exhibit A contains the certified copy of the Indictment and the date in parenthesis is the date in which the indictment was filed.

Finally, please note the Case Numbers on the laboratory analysis reports in Attachments D-1, D-2, D-4, and D-5 are numbers assigned by the laboratory for internal administrative purposes and are not related to the actual case number assigned by the Court. Also, File Number 14-9639 on the Laboratory Analysis Report part of Attachment D-7, is a number assigned by the Laboratory for internal administrative purposes and is not related to the actual case number assigned by the Court.

GUZMAN-BERNAL is a Mexican citizen, born on August 19, 1978. He is described as a Hispanic male, standing approximately 6 feet 2 inches tall, weighing approximately 250 pounds, with brown hair and brown eyes.

Drug trafficking is an extraditable offense pursuant to Article 2(1) of the Treaty and Item 14 of its Appendix. Conspiracy to commit an extraditable offense is an extraditable offense pursuant to Article 2(4)(a) of the Treaty.

I have the honor to transmit under the cover of this diplomatic note, the documents and translations required by Article 10 of the Treaty to accompany the request of the United States for the extradition of GUZMAN-BERNAL.

SBU -PRIVACY OR PII

Pursuant to Article 19 of the Treaty, I also request that the Government of Mexico confiscate all articles, instruments, objects of value, or documents in the possession of GUZMAN-BERNAL at the time of his arrest that may relate to the offense for which extradition is sought for later delivery to the United States law enforcement authorities upon the granting of his extradition.

If the Government of Mexico accedes to this request, I would appreciate being informed as to when and where United States authorities may take custody of GUZMAN-BERNAL.

Accept, Excellency, the renewed assurances of my highest consideration.

Stephanie F. Syptak-Ramnath
Deputy Chief of Mission

Enclosure:

Accompanying documents and Spanish Translation.

SBU -PRIVACY OR PII

Jose Carlos Guzman Bernal
P.O. Box 5346
El Paso, Tx. 79956

Retail
U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX 79901
APR 14, 2025
$1.77
RDC 99
S2323W500841-1

$5.00

United States District Court
Central District of California
350 W. 1st Street
Los Angeles, CA. 90012

006639

APR 23 2025
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY