# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSE GUZMAN BERNAL,<br><br>            Petitioner,<br><br>    v.<br><br>PAM BONDI, United States Attorney General, *et al.*,<br><br>            Respondents. | Case No. 3:25-cv-00092-SLG |

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 1 is Petitioner Jose Guzman Bernal's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). The Petition challenges Mr. Guzman Bernal's classification as a fugitive and alleges a violation of due process during his extradition from Mexico. The petition was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 10, Judge Reardon issued his Report and Recommendation, in which he recommended that the petition be dismissed without prejudice. Petitioner Guzman Bernal filed objections to the Report and Recommendation at Dockets 11 and 12; the Court further granted Mr. Guzman Bernal's request for an extension to file additional objections; however, no additional objections were filed.[1]

---

[1] Dkt. 13.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[3] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

The Magistrate Judge recommended that the Court dismiss the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. The matter now appears to be moot, as the Government recently filed a motion to unseal the indictment in the underlying criminal case, Case No. 3:14-cr-00093-SLG-MMS at Docket 79, indicating Mr. Guzman Bernal is now in custody in the Southern District of California. To the extent that the petition is not moot, on de novo review, the Court has considered the Report and Recommendation and Mr. Guzman Bernal's objections to it, and agrees with the Report's analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without

---

[2] 28 U.S.C. § 636(b)(1).

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3: 25-cv-00092-SLG-KFR, *Guzman-Bernal v. Bondi, et al.*
Order re Report and Recommendation
Page 2 of 3
Case 3:25-cv-00092-SLG-KFR    Document 14    Filed 08/22/25    Page 2 of 3

prejudice. The Clerk of Court shall enter a final judgment accordingly. A Certificate of Appealability shall not issue because reasonable jurists could not debate whether this petition should have been resolved in a different manner.[5] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 22nd day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3: 25-cv-00092-SLG-KFR, *Guzman-Bernal v. Bondi, et al.*
Order re Report and Recommendation
Page 3 of 3
Case 3:25-cv-00092-SLG-KFR    Document 14    Filed 08/22/25    Page 3 of 3